PER CURIAM.
Separate informations were filed against appellant by the county solicitor of Duval County charging him with the offenses of assault with intent to murder two named individuals. The cases were consolidated for trial resulting in a verdict finding appellant guilty of assault with intent to commit murder in the second degree in one case, and with assault and battery in the other. From a judgment of conviction and sentence, this appeal is taken.
With his brief appellant has caused to be transmitted to this Court a record on appeal containing a transcript of the trial proceedings consisting of some 179 pages. The issues of law presented by the points on appeal contained in appellant’s brief relate to alleged errors committed by the trial court in permitting certain evidence to be introduced by the State over appellant’s objection, and alleged errors of the trial court in failing to admonish the jury with regard to portions of the county solicitor’s closing argument to the jury or, in the alternative, to grant a mistrial or new trial after verdict.
The rule relating to appeals in criminal cases provides that briefs shall be prepared as required by Rule 3.7, Florida Appellate Rules, 31 F.S.A.[1]
Rule 3.7 of the Florida Appellate Rules provides that the briefs shall contain a statement of the case and of the facts and points involved, in a clear and concise manner, with reference to the pages of the appendix, and also to the pages of the original record, where there is any possibility that appellee may question the statement.[2]
Appellant elected to not accompany his brief with an appendix as permitted by the rules,[3] which election emphasizes the importance of appellant’s brief containing references to the pages of the record on appeal which support the argument and contentions made by appellant as grounds for reversal.
We have carefully examined the brief filed by appellant but fail to find therein a single reference to any page of the record on appeal. By his brief appellant admits that the closing argument of counsel was not reported, and nothing appears either in the record or in the briefs from which it might be concluded that such omission was due to any error of the trial court. On an appeal the appellate court is not required to examine each word on each page of the appeal record with the hope or expectation of finding something therein which would substantiate the argument contained in a party’s brief advanced in support of its points on appeal. By the same token, the appellate court is not required to speculate as to what was said by either counsel in their closing arguments to the jury, or to surmise what effect such argument may have had on the trial of the case in view of the possible context in which the objectionable statements were made.
For the foregoing reasons we are unable to say with certainty that the trial court committed error of such seriousness and magnitude as to require a reversal of the judgment appealed.
The brief filed herein by appellant is stricken and appellant is allowed twenty days within which he is directed to supplement the record on appeal by a statement containing the allegedly objectionable remarks made by the county solicitor in his closing argument to the jury, which statement shall first be approved by the trial court in accordance with established procedures, and thereafter to file in this cause a revised brief making reference to the page or pages of the record on appeal which contain the necessary evidence or other information to support the argument made *687 by appellant on which he bases his right to reversal of the judgment appealed.
CARROLL, DONALD K„ Acting C. J., and WIGGINTON and RAWLS, JJ., concur.

. Rule 6.11, subd. a., F.A.R.

. Rule 8.7, subd. f.(3), F.A.R.

.Rule 6.11, subd. a., P.A.R.